# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2010

Lyle W. Cayce
Clerk

No. 09-41242
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO LOMA-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-715-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Humberto Loma-Perez (Loma) appeals from the 22-month non-guidelines sentence imposed by the district court following his conviction for illegal reentry. Even if Loma preserved in the district court the errors he now alleges, he fails to show that his sentence is unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Loma's contention, it was not improper for the district court to consider for sentencing purposes crimes that he committed in the 1990's, including auto larceny, simply because they were too old to contribute to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range.  *See* 18 U.S.C. § 3553(a).  Further, Loma's argument that he has overcome the alcoholism that caused him to commit crimes in the past ignores that he committed, but was not prosecuted for, four other illegal reentries between 1999 and 2008; the last two of these reentries, as well as the instant count of conviction, were committed following his alleged sobriety. Under these circumstances, Loma fails to show that the district court abused its discretion by imposing a sentence above the guidelines range to protect the public and to deter Loma from committing future crimes.  *See Gall*, 552 U.S. at 51; § 3553(a).

The four-month upward variance from the guidelines range of 18 to 22 months of imprisonment is considerably less than other sentences that this court has affirmed.  *See United States v. Smith*, 440 F.3d 704, 708 n.5, 709-10 (5th Cir. 2006) (upholding variance from guidelines range maximum of 27 months to 60 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months).

AFFIRMED.